**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|    DENNIS M. HARRSCH, | : | |
|       Debtor(s) | : | Bky. No. 09-12453 ELF |
| | : | |

# O R D E R

**AND NOW**, the Debtor having commenced the above chapter 13 bankruptcy case on April 2, 2009;

**AND**, the confirmation hearing first having been scheduled to be held on August 6, 2009;

**AND**, the August 6, 2009 confirmation hearing, as well as subsequent confirmed hearings scheduled on September 17, 2009, October 8, 2009, November 19, 2009, all having been continued;

**AND**, the confirmation hearing being presently scheduled for **January 14, 2010**;

\* \* \* \*

**AND**, the Debtor's chapter 13 plan ("the Plan") providing for the Debtor to make plan payments of $200.00 per month for sixty (60) months;

**AND**, the Plan providing for payment of administrative expenses, any amounts necessary to cure prepetition residential mortgage arrears, payment of any other allowed secured and priority claims, with the balance to be distributed pro rata to the holders of general unsecured claims, (see Debtor's Chapter 13 Plan ¶¶2-6, 8.c., Docket Entry No. 16);

\* \* \* \*

**AND**, the United States, Internal Revenue Service ("the IRS") having filed a proof of claim on June 1, 2009, asserting a priority claim in the amount of $95,002.95, (see Claim No. 2-1);

-1-

**AND**, the IRS having amended its proof of claim on September 9, 2009 and having increased its priority claim to $108,285.58, (see Claim No. 2-2);

**AND**, as a result of the IRS' claim, the Plan being patently underfunded and presently incapable of being confirmed, see 11 U.S.C. §§1322(a)(2), 1325(a)(1), (a)(6);

**AND**, more than five (5) months having passed since the IRS initially filed its proof of claim and almost three (3) months having passed since the IRS initially filed its amended proof of claim;

**AND**, no objection to the IRS' claim having been filed by the Debtor;

**AND**, in light of the foregoing, the court concluding that it is appropriate to exercise its authority to act sua sponte to consider the entry of an Order dismissing this case under 11 U.S.C. §1307(c)(1), see, e.g., Jablonski v. Internal Revenue Service, 204 B.R. 456, 458-59 (W.D. Pa. 1996), aff'd, 114 F.3d 11721 (3d Cir. 1997); In re Fricker, 116 B.R. 431, 442 (Bankr. E.D. Pa. 1990);

It is hereby **ORDERED** that:

1. The **January 14, 2010** confirmation hearing shall not be continued except by express court order, which shall be granted only for cause shown.

2. At the hearing, the court will consider whether the case should be dismissed under 11 U.S.C. §1307(c)(1) for unreasonable delay that is prejudicial to creditors.

Date:   December 3, 2009

                                            **ERIC L. FRANK**
                                            **U.S. BANKRUPTCY JUDGE**